```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
OC GLOBAL PARTNERS, LLC,                                         :
                                                                 :
                                Plaintiff,                       :
                                                                 :        21-cv-10686 (LJL)
                -v-                                              :
                                                                 :        MEMORANDUM
LUIS FELIPE ADAIME and LIRDES S.A.,                              :        AND ORDER
                                                                 :
                                Defendants.                      :
                                                                 :
-----------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/14/2022
```

LEWIS J. LIMAN, United States District Judge:

Defendants LIRDES S.A. ("LIRDES") and Luis Felipe Adaime ("Adaime" and, collectively with LIRDES, "Defendants") move for reconsideration of the Court's January 20, 2022 Memorandum and Order, Dkt. No. 11, granting the motion of plaintiff OC Global Partners, LLC ("Plaintiff") for an order permitting alternative service of the summons and complaint on Defendants. For the following reasons, the motion for reconsideration is denied.

The relevant facts are set forth in the Court's Memorandum and Order dated January 20, 2022:

> LIRDES is a Uruguay joint stock company with its principal place of business in Sao Paulo, Brazil. Dkt. No. 10-2 ¶ 2. Adaime is the founder and Chief Executive Officer of LIRDES and resides in Porto Alegre, Brazil. *Id.* ¶ 3. Plaintiff has submitted evidence that, prior to the initiation of this lawsuit, it regularly communicated with Adaime at the email address luisadaime@moss.earth. [*Id.*] ¶ 4. Plaintiff sent many emails to, and received many emails from, Adaime at that email address. *Id.* In addition, as late as November 5, 2021, Plaintiff's counsel emailed Adaime at the email address with a demand for payment for services rendered and received a response from his counsel in Brazil. Dkt. No. 10-3 ¶¶ 3–4.

Dkt. No. 11 at 2. Additionally, as set forth therein:

> Plaintiff also has submitted evidence of an attempt to serve Defendants and that Defendants are aware of this lawsuit. Specifically, Plaintiff's counsel emailed Defendants' Brazilian counsel on December 15, 2021, with a notice of the lawsuit

> and a request for waiver of services of summons, along with a copy of the complaint and requested that Defendants elect to waive service of a summons or, in the alternative, provide an address for Adaime at which service could be effected. [Dkt. No. 10-3 ¶¶ 5–6]. Plaintiff's counsel received a response that counsel had not been authorized to accept service or waive service on behalf; the response did not acknowledge the request for Adaime's address. *Id.* ¶ 7.

*Id.* at 2–3.

"A motion for reconsideration should be granted only if the movant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Spin Master Ltd. v. 158*, 2020 WL 5350541, at *1 (S.D.N.Y. Sept. 4, 2020) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)). Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). "The standard for granting a motion for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matter, in other words, that might reasonably be expected to alter the conclusion reached by the Court." *Justice v. City of New York*, 2015 WL 452314, at *1 (E.D.N.Y. July 27, 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). A motion for reconsideration "is not a 'vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'" *Spin Master*, 2020 WL 5350541, at *1 (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)).

Defendants move for reconsideration of the Court's Memorandum and Order on two grounds: (1) that the motion for alternative service should not have been granted because Plaintiff failed to attempt to serve Defendants in Brazil under the Hague Convention; and (2) the

motion for alternative service should not have been granted because Plaintiff failed to make reasonable attempts to serve Defendants in Uruguay. Dkt. No. 19. The Court explicitly considered both of these arguments in the January 20, 2022 Memorandum and Order:

> This case has not been on the docket long; the complaint was only filed on December 15, 2021. Dkt. No. 1. Plaintiff has not started a process to serve Defendants under either the Hague Convention or the Inter-American Convention. In prior cases where this Court has granted motions to use alternative service, the plaintiff has at least begun the process and only then been informed that the process would be delayed. *See In re Bystolic Antitrust Litig.*, 2021 WL 4296647, at *1 (plaintiffs attempted service in accordance with the Hague Convention but did not receive response from Indian Central Authority); *Convergen Energy LLC v. Brooks*, 2020 WL 4038353, at *4 (S.D.N.Y. July 17, 2020) (plaintiffs began the process of service through the Central Authority but were informed that only urgent requests were being processed and that the Central Authority was unlikely to be able to effect service soon).
>
> On balance, however, the Court is persuaded by the reasoning of Judges Castel and Gorenstein that requiring Plaintiff here to begin the process of using international means of service before permitting alternative service would be a needless formality that would not further the interests of judicial efficiency and that is not necessary to satisfy the interests of judicial economy. *See In re BF S.A. Sec. Litig*, 2019 WL 257971, at * 4; *Odebrecht*, 2018 WL 6253877, at *7. This is not a case where the Plaintiff makes "generalized complaints about the cost and delay associated with international conventions and letters rogatory." *Odebrecht*, 2018 WL 6253877, at *8. "[G]iven the circumstances of this case, Plaintiffs' decision to seek leave to effect alternative service is not whimsical, but sensible." *Atlantica Holdings, Inc. v. BTA Bank JSC*, 2014 WL 12778844, at *3 (S.D.N.Y. Mar. 31, 2014).
>
> Plaintiff has not come to this Court as a first resort. It has asked Defendants whether they would waive service and also asked for an address for defendant Adaime, and it has been rebuffed. *See Odebrecht*, 2018 WL 6253877, at *7 (plaintiff unsuccessfully attempted to serve corporate defendant by its agent in New York and by its New York attorneys who declined to accept service).
>
> Moreover, Plaintiff has submitted evidence, in the form of correspondence with the agency that manages all formal requests for service of judicial and extrajudicial documents pursuant to the Hague Convention and the Inter-American Convention, that service using either of those methods would be delayed as a result of the current COVID-19 pandemic. Specifically, ABC Legal Services, Inc., which manages all formal requests for service of judicial and extrajudicial documents pursuant to a contract with the U.S. Department of Justice, has advised counsel that, while service pre-pandemic under the Hague Convention would take approximately six months, "with the Corvid-19 Crises [sic], we are experiencing delays and we

are telling our customers to expect 8 plus months for service." Dkt. No. 10-3 ¶¶ 8–10, Ex. F. In addition, Plaintiff's counsel does not have an address for Adaime—which is required under the Hague Convention—and there is no third-party organization that performs international skip tracing, so it is questionable whether Plaintiff would be able to take advantage of the Hague Convention at all with request to the individual defendant. *Id.* ¶ 11. Service under the InterAmerican Convention is even more complicated and would result in more delay. While service pursuant to that convention is typically accomplished within one year, it has been delayed due to the pandemic. *Id.* ¶ 12. In these circumstances, where the delay is not an incident of the ordinary and anticipated operations of a central authority acting pursuant to international agreement, there is no reason to believe that there would be great offense caused to international comity. Moreover, there is no reason to require Plaintiff to start the process only to confirm the answer it has already been told it would receive. As in *In re BRF S.A. Sec. Litig*, 2019 WL 257971, at * 4, there would be "no useful purpose in requiring [plaintiff] to [start the letters rogatory process] merely in order to confirm the existence of delay." *Id.*

Dkt. No. 11 at 5–7.

Defendants' arguments in this motion for reconsideration raise no new facts or new law that warrant reconsideration of the Court's prior holding. The motion for reconsideration is therefore DENIED.

The Clerk of Court is respectfully directed to close Dkt. No. 18.

SO ORDERED.

Dated: March 14, 2022
New York, New York

_____
LEWIS J. LIMAN
United States District Judge

4